UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ezra Foster,                                                    Case No. 1:23-cv-139

               Petitioner,

v.                                                   MEMORANDUM OPINION
                                                            AND ORDER

Misty Mackey, Warden,

               Respondent.

## I. INTRODUCTION

Petitioner Ezra Foster[1] petitions for a writ of habeas corpus under 28 U.S.C. § 2254, concerning the revocation of his parole by the Ohio Adult Parole Authority ("APA"). (Doc. No. 1). Magistrate Judge Thomas M. Parker reviewed the petition as well as the related briefing pursuant to Local Rule 72.2(b)(2) and recommends I dismiss or, in the alternative, deny the petition. (Doc. No. 23). Foster filed objections to Judge Parker's Report and Recommendation. (Doc. No. 24).

Judge Parker also recommends I deny Foster's motion for summary judgment. (Doc. Nos. 19 and 22). Foster does not object to that recommendation. (*See* Doc. No. 24 at 1).

Foster subsequently filed a motion for leave to conduct discovery, a motion to expand the record, and a motion for an evidentiary hearing. (Doc. Nos. 26, 27, and 29). Those motions are fully briefed.

---

[1] Foster currently is incarcerated at the Lake Erie Correctional Institution in Conneaut, Ohio, where Misty Mackey currently is the Warden. I hereby ordered that Mackey be substituted as the Respondent in this case. *See* Fed. R. Civ. P. 25(d).

For the reasons stated below, I deny Foster's motions, overrule his objections, and adopt Judge Parker's Reports and Recommendations.

## II. BACKGROUND

Foster was convicted of five counts of rape in August 1989 and sentenced to an aggregate term of twenty years to life in prison. (Doc. No. 12-1 at 6-7). He was paroled in May 2016. One of the conditions of his parole precluded Foster from having unsupervised contact with minors. (*Id.* at 34). In February 2021, Foster was arrested for violating this parole condition in the preceding month. His parole violation hearing initially was scheduled for March 9, 2021. (*Id.* at 26). The APA subsequently continued the hearing until March 24, 2021. (Doc. No. 1-4 at 1). Foster "admitted with mitigation" that he had violated the conditions of his parole, and he was ordered to serve 36 months in prison before becoming eligible for parole again. (Doc. No. 12-1 at 20, 24).

In November 2021, Foster filed a petition for a writ of habeas corpus in the Court of Appeals for the Ninth District of Ohio, seeking his immediate release from prison because the length of time between the date of his arrest and the date of his parole violation hearing exceeded the time period permitted under the policies of the Ohio Department of Rehabilitation and Correction. The Ninth District Court of Appeals dismissed his filing *sua sponte* because Foster did not pay the required filing fee or comply with the mandatory requirements of Ohio Revised Code § 2969.25(C), which governs motions for waiver of prepayment of filing fees. *State ex rel. Foster v. Foley*, 2022-Ohio-35, 2022 WL 97052, at *1 (Ohio Ct. App. Jan. 10, 2022). Foster's appeal of that dismissal to the Supreme Court of Ohio was dismissed due to Foster's failure to comply with Ohio procedural requirements. *State ex rel. Foster v. Foley*, 209 N.E.3d 602 (Ohio 2022).

On October 24, 2022, Foster filed an original action in the Supreme Court of Ohio seeking a writ of habeas corpus. (Doc. No. 12-1 at 201-10). The Supreme Court of Ohio dismissed Foster's petition after considering it "in a manner prescribed by law." (*Id.* at 242).

2

"In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Foster must demonstrate, by clear and convincing evidence, that the state court's factual findings were incorrect. *Id. See also Burt v. Titlow*, 571 U.S. 12, 18 (2013) ("The prisoner bears the burden of rebutting the state court's factual findings 'by clear and convincing evidence.'") (quoting 28 U.S.C. § 2254(e)(1)). He has not done so. Therefore, I adopt those sections of the Report and Recommendation in full. (Doc. No. 23 at 2-8).

### III. STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Written objections "provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately' . . . [and] 'to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute.'" *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). A district court must conduct a *de novo* review only of the portions of the magistrate judge's findings and recommendations to which a party has made a specific objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

### IV. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits the issuance of a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

3

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d).

Foster presents the following grounds for relief:

**Ground One**: Petitioner seeks a writ of habeas corpus because he was denied his minimal U.S. Fourteenth Amendment [constitutional right to due process] during his parole revocation hearing process and as a result deprived of his liberty.

**Ground Two**: An inmate imprisoned by a revocation of his parole is not entitled to an appeal; he is denied the only remedy to inquire into the cause of his imprisonment through a writ of habeas corpus; when Ohio court[]s interpose a financial consideration of indigency as a state prisoner and his exercise of a state right to sue for his liberty it denies him equal protection of the law.

(Doc. No. 1 at 4).

Judge Parker reviewed these grounds for relief and concluded they are procedurally defaulted, not cognizable in habeas proceedings, and meritless. (Doc. No. 23). Foster objects to these conclusions. (Doc. No. 24 at 5-6). But his objections are unpersuasive, and I overrule them.

### A.    GROUND ONE

In Ground One, Foster asserts his due process rights were violated when the APA failed to hold his parole revocation hearing within 25 business days of his arrest as required by ODRC policy. (Doc. No. 1 at 4-12).

A parolee has a liberty interest in "maintaining his conditional freedom so long as he abides by the conditions of his release" that is implicated by parole-revocation proceedings, and which is protected by due process. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 10 (1979). The "minimum requirements of due process" for a parole revocation hearing include:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole

4

board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Morrissey v. Brewer*, 408 U.S. 471, 489 (1972). "The revocation hearing must be tendered within a reasonable time after the parolee is taken into custody." *Id.* at 488.

The APA provided Foster with written notice of the alleged violations of the conditions of his parole – namely, that he had unsupervised contact with a minor. (Doc. No. 12-1 at 26-27). The notice informed Foster that: the hearing (initially) would take place on March 9, 2021; he could testify on his own behalf, present evidence, including mitigation evidence; he could subpoena witnesses; he could confront witnesses against him; he could receive a disclosure and a written statement of the evidence against him, including that relied upon to revoke his parole; and, he could request to be represented by counsel. (*Id.* at 26). Foster acknowledged receipt of this written notice on February 8, 2021, and he stated that he "admit[ted] with mitigation" the charges against him. (*Id.* at 27-28).

While Foster argues that due process requires some form of a preliminary hearing "to determine whether there is probable cause or reasonable ground to believe that the arrest parolee has committed acts that would constitute a violation of parole conditions," he cites no caselaw in support and the Supreme Court has expressly held otherwise. The *Morrissey* Court "emphasize[d] there is no thought to equate this second stage of parole revocation to a criminal prosecution in any sense." *Morrissey*, 408 U.S. at 489. Instead, due process in this circumstance requires that the parolee "have an opportunity to be held and to show, if he can, that he did not violate the conditions, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation." *Id.* at 488. Foster was afforded precisely this opportunity.

Moreover, Foster's claim that his due process rights were violated by the two extensions of his hearing date, and the fact that it eventually was held beyond the time period called for by ODRC

5

policy, also lacks merit. The Supreme Court held that a revocation hearing must occur "within a reasonable time after the parolee is taken into custody." *Id.* The *Morrissey* Court held "[a] lapse of two months . . . would not appear to be unreasonable." *Id.* Foster's hearing occurred within this presumptively reasonable time frame, and he offers no basis to rebut that presumption in this case.

Because I conclude Foster's claim is meritless, I need not consider the other bases for dismissing or denying Foster's petition. *Cf. Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (noting "federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits") (citations omitted). I overrule Foster's objection and conclude Ground One lacks merit.

### B.  GROUND TWO

In Ground Two, Foster asserts his equal protection rights were violated when the Ninth District Court of Appeals dismissed his habeas petition because Foster failed to comply with the mandatory filing requirements for a waiver of prepayment of the filing fee. *See State ex rel. Foster v. Foley*, 2022 WL 97052 at *1 (dismissing petition due to failure "to comply with the mandatory requirements of [Ohio Revised Code §] 2969.25(C)"). Judge Parker concluded this ground is procedurally defaulted because Foster never presented it to the state courts and because Foster failed to show cause and prejudice to excuse his procedural default. (Doc. No. 23 at 22-24)

The procedural default rule bars a federal habeas petitioner's claims if (1) the state court declined to consider the merits of an issue because the habeas petitioner failed to comply with state procedural rules, or (2) if the petitioner failed to fully pursue a claim through the state's "ordinary appellate review procedures" and now no longer is able to raise the claim, unless the petitioner establishes cause for the default and resulting prejudice, or that a fundamental miscarriage of justice would occur if the claim is not reviewed. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 847-48 (1999)).

Foster did not object to Judge Parker's recommendation that I dismiss Ground Two as procedurally defaulted, and the failure to file written objections to the Magistrate Judge's Report and Recommendation constitutes a waiver of a determination by the district court of an issue covered in the report. *Thomas v. Arn,* 728 F.2d 813, 815 (6th Cir. 1984), *aff'd,* 474 U.S. 140 (1985); *see also Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) ("[O]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review").

As Judge Parker noted, Foster did not present his equal protection claim during his state-court habeas proceedings, and he has not offered any explanation for his failure to raise this claim at that time. Therefore, I adopt Judge Parker's recommendation and dismiss Ground Two as procedurally defaulted.

### C. MISCELLANEOUS MOTIONS

Finally, Foster has filed four additional motions.

The first three motions – which seek leave to conduct discovery, to expand the record, and an evidentiary hearing – are related. (Doc. Nos. 26, 27, and 28). Foster asserts he needs discovery to obtain a document that the APA allegedly used to justify holding his parole revocation hearing beyond the 25-business day period provided for by ODRC policy. (*See* Doc. No. at 2). It is unclear what document Foster refers to, as he already filed a document approving two continuances of his revocation hearing. (Doc. No. 1-4); (*see also* Doc. No. 1-5). And there is no dispute that the revocation hearing occurred on March 24, 2021, as indicated in the violation hearing continuance form. Foster fails to show how additional discovery would have any impact on the resolution of his first ground for relief, and I deny these motions. *See Williams v. Bagley*, 380 F.3d 932, 975 (6th Cir. 2004) (denying petitioner's motion to expand the record because petitioner failed to show the

7

additional materials "could resolve any factual disputes that could entitle him to relief") (citation and internal quotation marks omitted).

Foster's fourth motion is for a control number to be assigned to mail related to this case, so that it will be treated as legal mail at the institution. (Doc. No. 34). But this Memorandum Opinion and Order resolves this case and Foster fails to show how a control number would have any effect at this time. Therefore, I deny this motion as well.

### D.     CERTIFICATE OF APPEALABILITY

A habeas corpus petitioner is not entitled to a certificate of appealability as a matter of right but must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner need not demonstrate he should prevail on the merits. Rather, a petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Foster's petition has not met this standard.

For the reasons set forth in this decision, I certify there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

### V.     CONCLUSION

For the reasons stated above, I overrule Foster's objections, (Doc. No. 24), to Judge Parker's second Report and Recommendation, (Doc. No. 23), and adopt the second Report and Recommendation. I conclude Foster's first ground for relief is meritless and his second ground for relief is procedurally defaulted. I deny Foster's petition as to Ground One and dismiss it as to Ground Two. I also adopt Judge Parker's first Report and Recommendation and deny Foster's motion for summary judgment. (Doc. No. 22).

Further, I deny Foster's motions to conduct discovery, to expand the record, for an evidentiary hearing, for a control number, and for a status conference. (Doc. Nos. 26, 27, 29, 34, and 35).

Finally, I conclude Foster fails to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(b)(2), and decline to issue a certificate of appealability.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge