UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ezra C. Foster,                                              Case No. 1:23-cv-2377

         Petitioner,

v.                                                                     ORDER

Misty Mackey, Warden,

         Respondent.

      Petitioner Ezra Foster filed a motion for an extension of the deadline in which to file an appeal of my denial of his petition for a writ of habeas corpus. (Doc. No. 38).

      Rule 4(a) required Foster to file his notice of appeal within 30 days following the entry of judgment against him. Fed. R. Civ. P. 4(a)(1)(A). The 30-day deadline expired on March 25, 2025, one day before Foster presumptively submitted his motion to the prison mail room. (*See* Doc. No. 38 at 3). But I may extend the appeal deadline if Foster can establish "excusable neglect or good cause" to explain why an extension is appropriate. Fed. R. Civ. P. 4(a)(5)(A)(ii).

      Foster requested an extension of the appeal deadline because he had not yet received from the institution a requested financial statement for the previous six months that he was required to submit along with his appeal. (Doc. No. 38 at 2). Foster states he requested the statement on March 17, 2025, but he was unable to predict when he would receive it. (*Id.*). Foster appears to have received the statement the day after he placed his motion in the prison mail system, and he subsequently filed it with the Clerk's office. (*See* Doc. No. 40-1). I conclude this explanation is

sufficient to establish good cause for an extension. I grant Foster's motion and extend the appeal deadline to April 2, 2025, the date on which Foster filed his notice of appeal. (Doc. No. 38).

Foster also requests permission to proceed with an appeal without first paying the filing fee. (Doc. No. 40). I previously declined to issue a certificate of appealability. (Doc. No. 36).

Section 1915 provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). The standard for granting a motion to proceed in forma pauperis on appeal is lower than the standard for issuing a certificate of appealability. *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002) (citing *United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997)). A court may grant a motion to proceed in forma pauperis if the issues are arguable on their merits, even if the petitioner cannot show a probability of success on the merits. *Foster*, 208 F. Supp. 2d at 765.

I conclude the issues Foster raised in his petition are arguable on their merits, even if he is unlikely to success on the merits. Therefore, I grant his motion to proceed in forma pauperis on appeal. (Doc. No. 40).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge